UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | |
|---|---|
| **DWAYNE SIMS,** | : Case No. 2:22-cv-4357 |
| **Plaintiff,** | : |
| vs. | : **District Judge James L. Graham** |
| | : **Magistrate Judge Kimberly A. Jolson** |
| **DEPARTMENT OF REHABILITATION AND CORRECTIONS,** *et al.*, | |
| **Defendants.** | |

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Default Judgment (Doc. 18). Plaintiff—a *pro se* prisoner bringing claims under 42 U.S.C. § 1983—asks that the Court enter default judgment because he believes Defendants failed to timely answer his Amended Complaint. (*Id.*). Defendants, for their part, assert that they filed their answers within the twenty-one days contemplated by Federal Rule of Civil Procedure 12. (Doc. 20). The Undersigned agrees that Defendants have timely answered, and default judgment is not proper.

Generally, a defendant must serve an answer within twenty-one days after being served with the summons and complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). This Court ordered service of summons and Plaintiff's Amended Complaint on Defendants by the United States Marshal on April 5, 2023. (Doc. 13). Those summonses issued the following day. (Doc. 14). When those summonses were returned executed to the Court, they showed that service had been completed on all Defendants on May 1, 2023—meaning that the Defendants had until May 22, 2023 to file their answers. On May 17, 2023, four of the five Defendants—Jason Crabtree, Michael Farley, Jason Joseph, and Robert Lindsey—filed their answer. (Doc. 16). On May 31, 2023, counsel for

Defendants brought a motion for leave to file answer *instanter* on behalf of the remaining Defendant, Treavor Beavers. (Doc. 19).

In that Motion, counsel represented that, at the time the answer was filed on behalf of the other Defendants, she had not yet received the paperwork required by the Ohio Revised Code to enter an appearance on behalf of Defendant Beavers. (*Id.*). The Court granted the extension of time to answer (Doc. 21), and Defendant Beavers filed his answer pursuant to that extension on June 1, 2023 (Doc. 22). In sum, all Defendants timely answered—either by the presumptive deadline contemplated by the Federal Rules or, in the case of Defendant Beavers, by an extended deadline granted by the Court for good cause. Still more, Plaintiff never requested—nor did the Clerk of Court enter—an entry of default against Defendants. *See* Fed. R. Civ. P. 55(a). And an entry of default is necessary to obtain a default judgment.

For these reasons, default judgment against Defendants is not proper, and it is **RECOMMENDED** that Plaintiff's Motion (Doc. 18) be **DENIED**.

## Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specific proposed findings or recommendations to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.


Date:  July 18, 2023                                                /s/ Kimberly A. Jolson
                                                                                    KIMBERLY A. JOLSON
                                                                                    UNITED STATES MAGISTRATE JUDGE